Good afternoon. My name is T.W. Brown, and I'm here today to argue on behalf of the appellant Michael Ortiz. By failing to reconcile Mr. Ortiz's intent to plead guilty with the facts submitted to support that plea, the district court shirked its duty to find a sufficient factual basis under Rule 11. This claim comes before the court on plain error review, and at the outset the government argues that the plea itself precludes any finding of error. I'd like to begin this afternoon by responding to those threshold arguments. First, the government argues that a guilty plea necessarily waives all non-jurisdictional defenses. This is true if the defendant fails to raise or preserve a potential defense and later asks this court to rule on the merits of that defense. But we're dealing with a different situation here. Rule 11 puts the onus on the district court, not the defendant, and the ultimate merits of Mr. Ortiz's justification defense are relevant. The question is whether the agreed-upon factual basis was sufficient to support his plea. Second, the government cites a Second Circuit opinion which held that the district court had no duty under Rule 11 to anticipate or detect and then rule out defenses such as necessity. The case, United States v. Smith, is distinguishable on the facts. First, the defendant in Smith did not refer to the facts underlying his potential justification defense until after his plea had already been submitted. He referred during an interview with a probation officer to a potential defense or potential facts justifying his possession. This was we denied the Anders brief, correct? Yes, Your Honor. And those are always a little more difficult because the lawyer then comes back and has to argue as we've directed. But your brief is succinct. And am I correct in saying the argument principally, instead of distinguishing the Second Circuit Smith case, is your argument primarily based on the 40-year-old Panter decision? Is that your best authority for the proposition you're urging? Yes, Your Honor, it is. It's the best authority for the ---- But Panter was a refusal to give a trial instruction on a defense. So that's a pretty distinguishable situation than defendant pleading guilty and later saying, well, wait a minute, what I pled to actually has embedded in it a defense that means there's no crime. So Panter's fairly indirect. I can see its reversible error to refuse to give a defense instruction. That's quite different than saying the defendant can undo their plea by virtue of the facts that they admitted to. Well, Your Honor, Panter establishes that justification defense can render otherwise criminal possession noncriminal. Or it's reversible error not to give a justification instruction. That's another way of reading Panter, right? Yes, Your Honor. And that wouldn't apply here. No, it would not, Your Honor. However, I'd point the Court to the Trejo decision, which was cited in the defendant's  case. Trejo notes that, and Reeser as well, note that if the facts set forth in the record fail to constitute a Federal crime, then the district court has not, does not have a sufficient factual ---- Failed to constitute a crime. So the elements aren't met or crime has — includes defenses to it. Well, either one, Your Honor, because I think either way gets you to the same result. In the Trejo decision, you have a situation where the defendant argued that there were insufficient facts to establish a mens rea element. In fact, that's typically what you have in these types of cases. The defendant is pointing to a lack of information in the record to support a particular element. Here we have the opposite problem. There's too much information in the record. And that information goes directly to the type of defense recognized in Reeser. I'd also note that these facts are not subject to dispute. There was an agreed-upon factual basis which describes an attempted robbery during which the defendant wrestled the gun away from her. Practicality problems are significant. Number one, do you agree that if you prevail, the government can supersede and charge with everything it had at the beginning? Yes, Your Honor. Including the guns at the residence and the drug paraphernalia and all that. Yes. Yes, Your Honor. I believe that's correct. Okay. And those are the ---- Then how do we not know when the plea occurred it was a highly strategic, intelligent decision to avoid those consequences, not try to assert a duress defense justification that, you have to admit, a jury might accept, strangely, if you're saying you were compelled in your encounter with a drug trafficker, right? The jury may not want to get return, accept that. So it could be very strategic to not want to assert it. That's true, Your Honor. There's two responses. Yeah. The first would be that, again, we're dealing with the guilty plea, so the onus is on the district court. Well, he has not moved to withdraw his guilty plea, has he? No, Your Honor, he has not. Why not? Your Honor, I can't speak to that. I haven't addressed that issue with Mr. Ortiz. That's a good question. It's a great question. And I admit that Mr. Ortiz is in a situation where he's looking at a win here may not mean a win in the long term. That may mean worse for him in the long term. Absolutely. Absolutely. But ---- Why doesn't that mean it's best, this whole situation is best looked at in the context of ineffectiveness? So he can file his habeas and say, my lawyer was ineffective to not perceive a duress. And that goes back to those strategic concerns you mentioned earlier. If he files a habeas petition and explains that his attorney never discussed with him that potential defense, you're absolutely right. He'd have a pretty good claim that he could, to withdraw his plea and come back down to the status quo ante. Again, that may not be a good decision in the long term because it would return the government to the status quo ante as well, and they may decide to charge him with additional crimes. But going back to those strategic concerns, there's nothing in the record here to establish that that's what happened. And that distinguishes this case. But again, this is what concerns me. He has not moved to withdraw his guilty plea. No, Your Honor. And that's concerning to me because we have all these other reasons why he might have, as Judge Higgins pointed out, why he might have decided to plead guilty to this charge. Yeah, that's correct, Your Honor. And again, I think we just have to look at the wording of Rule 11. It places the onus on the district court to reconcile a defendant's intent to plead guilty with the facts submitted to support that plea. That's true independent of whether or not it's a good strategic decision. And that brings us to the third prong of the plain error review. Again, the briefs are pretty succinct on this point. I believe they only cite one case, Dominguez Benitez. But in that case found that Rule 11 error, the defendant could not prevail on the third prong under Rule 11 because whether or not he was advised of specific Rule 11 protection would not have affected his decision to plead guilty. And in the opinion, Justice Souter explains that there the advice dealt with whether or not the district court would allow the defendant to withdraw his plea if it did not accept the government's recommendation. And Justice Souter explained that in light of the evidence against the defendant, which included controlled by to an informant and a confession, one had nothing to do with the other. But here the causal connection between the district court's Rule 11 error and Mr. Ortiz's decision to plead guilty is much more direct. We can all appreciate that had the district court addressed with Mr. Ortiz the potential defense, he could have either on the record explained that he was aware of the defense but was choosing to waive it because he wanted to plead guilty for a variety of strategic reasons, or he could have said, you know what, Judge, that's not something my attorney and I have discussed. I'd like more time to consider it or I'd like to withdraw my plea and proceed to trial. Neither of those happened here. And does it concern you that there is no reported appellate case that has invalidated a guilty plea because the factual basis contains an affirmative defense? No, Your Honor. This Court has reversed two factual bases for failing to supply a sufficient factual basis on plain error review. Neither dealt with an affirmative defense. But again, I don't think the difference between knocking out a single element and proving an affirmative defense is necessarily the same. But in the colloquy under Boykin, the Court's got to say this is the crime you're charged with, these are the elements. It's a pattern, it's easy to establish, there's no difficulty. The rule you're urging is a much more complex one. Every district judge would have to say here's the crime, here are the elements, and now there are a lot of defenses out there and we're going to go through each one. Well, I disagree, Your Honor, and I think that's another reason that United States v. Smith is distinguishable. I don't think the district court has a sua sponte duty to advise the defendant of every possible defense. That would not be workable. But I think this case is different. The ones where the factual basis make it obvious, is that the rule? Yes, Your Honor. I think it would be. I think if the factual basis necessarily has baked into it a potential defense, the district court has a duty to address that defense on the record for the reasons we discussed earlier, to either discern whether or not the defendant is knowingly defending the defense because he's discussed it with his attorney, or whether the defendant was unaware of it and may choose a different path in light of that information in the colloquy. I think that basis also helps distinguish this case from two others involving affirmative defenses in Rule 11 context, factual basis context. Both are unpublished, but in both of those cases, one is called Binder, one is called Gallegos-Velasquez, you have defendants who have been convicted for assaulting another inmate in a federal prison. And what happened is, at the sentencing hearing for both defendants, during their allocution, they referred to potential self-defense justifications. And in both cases, on the record they explain, you know, I had this defense, I considered going to trial on this defense, but I decided not to because, again, who knows whether or not I would win. And that's not what we have here. We don't have anything on the record to suggest that Mr. Ortiz was even aware he had this defense. And much like this Court has a duty to review an Anders brief and note issues for attorneys who file one of those, I think the district court under Rule 11 had a duty to note, well, wait a second, we've got a potential issue here, and I want to know whether or not this undercuts the factual basis or is reconcilable with your intent to plead guilty. I'm forgetting the record before. So your proposition, there's nothing in the record that says that everyone was aware that his running from a drug deal gone bad and throwing the gun as he threw it could have created this, you had to grab that gun and run. There's nothing in the record that says that everyone was quite aware that that was an opportunity legally for him? There's nothing in the record that would suggest that, Your Honor. And I just note that I think there's one important factual inference I would like to correct. That's that he was going to a drug deal. The factual basis is silent as to who the other individual was. The PSR does explain that he was meeting with a narcotics contact, but it doesn't explain that he was going to do a deal at that time. It's actually relatively consistent with the factual basis that describes a meeting during which a robbery occurs, unclear whether or not there are any drugs involved. The government seeks to use this point to negate that third prong of the justification defense. And, again, I think that would be a mistake for a few reasons. First, Your Honor, one, I think it's unreasonable inference from the facts we have. We don't have anything suggesting that that was a drug deal itself. But post-arrest he gave statements. He ended up correcting his story. He explained that he was a narcotics contact. So the other person was presumably another drug dealer. It sounds like Mr. Ortiz was probably a drug dealer. But I don't think just by being a drug dealer in the abstract you waive your ability to fight back if you're attacked in other circumstances, perhaps when you're not dealing drugs. Now, if this were — and, again, that's another issue. Roberts. If you've recklessly put yourself into a situation, you don't get the benefit of the justification defense. That's true, Your Honor. And so one drug dealer going to meet another drug dealer. And we can use that. If you're trying to vacate your sworn plea, we look at the entire record, lose the PSR, his post-arrest statement. So he says I did go to meet another drug dealer. And one might say, then, that's reckless enough that guns could get drawn. No? Suppose it could be, Your Honor. I don't think it is as a matter of law. And, again, if the court were to adopt that rule, that would mean that anyone who is a drug dealer at any time forfeits the right to protect themselves whenever they're with another drug dealer, regardless of whether the two of them are together. That means they can lawfully carry a gun while they're meeting other drug dealers? Is that what you're saying? Well, Your Honor, I suppose it would depend on why they had the gun. Okay. But he then barricaded himself in the house for a couple hours, right? I believe so, Your Honor. So what's the element of the four, that you've got to quickly, quickly surrender? Well, I don't think there's anything about quick surrender. But there is something about you did it. What is it? As soon as you have the predicament, then you've got to do what? Well, you have to cease the criminal activity. But in this case, the criminal activity would be the possession of the handgun. And we know that he only could have possessed the handgun between the conflict in the car and the trash can where the handgun was found. And again, we're getting to the merits of the case, but I don't think the merits are what's important here. I think what's important is the district court's failure to reconcile this apparent defense on the record with the defendant's intent to plead guilty. And to support that point, I just point the court to another plain air factual basis case where there was a reversal. It was the Palmer decision. It's a published case from 2006, and there the defendant was charged with 924C. And during his plea colloquy, the judge asked, did you have that gun in furtherance of your drug trafficking? The defendant said no. He said, did you have the gun for protection as a drug dealer? He said no. So he makes repeated comments on the record denying the in furtherance of prong. And despite that, the judge accepted his plea. And this court found that that was plain air. This court found that the court had a duty to reconcile the on the record denial of guilt. That's the in furtherance element. That's correct, Your Honor. Yes, single element. But again, I think whether we're dealing with an affirmative defense or a single element, you get to the same place, which the defendant is not guilty. And that's what's recognized in Panter. That's all I have for now, Your Honor. I'll reserve the remainder of my time for rebuttal. Thank you. Thank you. Anderson Hatfield for the government. May it please the court. This court can affirm the district court's judgment for three reasons. First, the defendant in this case waived appeal and pled. Such a waiver waives all non-jurisdictional claims, except that a plea is missing an essential element of the offense. Second, the resume, as supported by the record, undermines Ortiz's duress claim because multiple elements necessary are simply missing from the record. And third, any error fails to meet the four-part test required to reverse the district court's judgment. First, the defendant waived an appeal in this case. Specifically, he is not claiming that there is an element missing in the factual resume. Each of the cases cited by the defense stands for this proposition, that if the district court accepts a plea with a missing element, this court may reverse it. This case, however, both parties agree. The defendant did commit each essential element of the offense. Specifically, the — He's drawing from our phrase in Panter, not guilty, to say it's a — that an affirmative defense that's unequivocal is the functional equivalent of not guilty. Correct, Your Honor. However, one of the things you waive when you waive a trial is the ability to develop a record. And that is what we have in this case. Whether there was a duress defense is an affirmative defense. This court held is waived by the decision to plea. Well, make it just hypothetically harder, then. Let's say the factual basis said, and his will was overborne because the government forced him to have the gun. Guy pleads guilty. Untouchable? In other words, it really embeds an absolute defense government entrapment. Yes, Your Honor. That would be a considerably more difficult case. However, it's distinguishable from this case because there's a four-part test. For example, as Your Honor noted previously, one of the elements is that the defendant must have ceased to possess the gun as soon as whatever necessity required him to possess  whether he and that is simply missing here. And it's missing because he did not select to go to trial, and he did not put on evidence because an affirmative defense is one of the things that is waived by an appeal. And specifically, this Court has chosen to waive it. In the strongest case that says that, affirmative defense is waived by guilty plea. The best case that says that? That would be the United States v. CEPA, Your Honor. The United States v. what? CEPA, Your Honor. S-C-E-P-E. Okay. Turning now to the second point, the resume as supported by the record undermines the duress claim because multiple elements are simply missing. I discussed this previously, but, for example, paragraph 20 of the presentence report on page 137 contains a statement from the defendant's roommate that he or she saw him possess the gun. Any evidence as to duress as to this possession is not in the record, and therefore that element is not met. I thought she could have seen him running away from the car and putting it in the trash can. I mean, that could be as soon as possible, getting rid of the gun. You're not going to leave it there on the ground by the car. Respectfully, Your Honor, precisely those kinds of details would have been fleshed out if the defendant had chosen. Well, I agree with you. I'm just saying that her statement, she saw him with the gun, is not dispositive is my only point. Correct, Your Honor. It's not dispositive either way. And because this is an affirmative defense, the defendant bears the burden to justify his committing of the crime. And can they distinguish Smith factually? I'm sorry, Your Honor? Can they distinguish Smith factually? Or if we were to rule with them, would it create a conflict with the Second Circuit? Do you remember the Smith? Yes. Yes, I do, Your Honor. I believe that Smith is directly on point. And if this Court were to find an identical, were to rule in an identical way, I don't believe that it would be distinguishable. So as we discussed previously, there's also the statement in the pre-sentence report that Ortiz was meeting a drug trafficking contact. And so that is the third element that is absent in the record. And therefore, the defendant should not be able to avail himself of the duress defense because, again, it is his burden. Turning now to the four-part test that would be necessary for this Court to reverse. The Court would have to find that the asserted error impacted Mr. Ortiz's substantial rights. That is, whether there is a reasonable probability of that, but for the error, the outcome of the proceeding would have been different. Mr. Ortiz cannot meet this here because were this Court to reverse the district court's judgment, Mr. Ortiz would be in precisely the same situation and perhaps even worse. As the Court discussed previously, at the time he was apprehended, there were additional guns and a large quantity of methamphetamine recovered. And so any substantial right that he had would be, he'd be in precisely the same situation. Specifically, the United States v. Nepal announcing a new defense is different from depriving a defendant of counsel. That is distinguishable from this case. He had an attorney. All the proceedings were conducted in public. And there was no deprivation of any substantial rights. In addition, if the defendant can meet the three-part test, then this Court has the discretion to reverse the judgment if it impacts the fairness, integrity, or public reputation of judicial proceedings. In this case, the defendant pled guilty in open court. The judge specifically asked if he willingly and knowingly entered into the proposed plea. He answered in the affirmative. His bargain for benefit included an agreement that the government would not pursue additional charges. Mr. Ortiz said under oath that he knowingly pled guilty. This was his bargain that he struck with the government. And were this Court to reverse it, as stated previously, he would be in a materially  And as such, this Court was not able to reverse it. I'm sorry? Do we know if he's authorized this appeal? Or did this Court authorize it? Do we know that he's affirmatively authorized this appeal? I don't know that, Your Honor. How do we find that out? It's my understanding that he does based on conversations with a co-counsel off the record. But within the record, I'm unaware we would go. Please. Yes, Your Honor. So if this Court were to remand, Mr. Ortiz may receive a considerably harsher sentence. Specifically, in addition to another prosecution for a violation of felon in possession, he could open himself to a violation of Title 21, 924C. Specifically, he could be getting a considerably harsher prison sentence were this Court to undo this plea. And again, this was Mr. Ortiz on the record under oath said he wanted to plea. He knew what he was doing. And so this Court should affirm the district court's judgment. Unless the Court has any other questions, I'll submit the rest of my time and ask the Court to respectfully affirm the district court's judgment. Thank you. Just a few points, Your Honors. First, with regard to whether or not he has authorized the appeal, he has. He would like to, he wants to further this appeal. And for proof of that, I would point to the letters he submitted to the Court. Most importantly, the letter he submitted after Mr. Flurry initially submitted an Anders brief. He did. I was wondering. He filed a response. He did. He filed a response. And this Court ordered Mr. Flurry. But has someone advised him that if he undoes this deal, he could face substantially more serious charges and substantially greater prison time? And he's been surprised at that, says notwithstanding that, I want to go forward. Yes, Your Honor. That's not on the record. But Mr. Flurry has discussed that possibility with him. And he wanted to pursue the appeal. You're superbly prepared, so you probably also know something I don't know the answer to. Not only would he face all charges, the government could use his guilty plea open-court sworn statements against party opponent admissions. Those wouldn't be excluded under the rules of evidence, right? Your Honor, I believe they may actually be excluded as. No, those aren't plea negotiation statements. Those are sworn statements in court. I suppose you're, I guess that's correct, Your Honor. But again, all those statements actually go to. Go to the elements. Go to the elements, which we're not. Just be a trial. We're not disputing. In fact, many of those sworn statements would actually help him by undergirding the justification defense that he would attempt to make. What about his CEPI case? Does it stand for what he says it stands for? No, Your Honor, I don't think so. And that's one of the points I was getting to earlier. So CEPI stands for what he says he stands for. It's just not relevant here. CEPI was a decision from 1973. It's before Rule 11 allowed for conditional pleas. And a defendant had moved to suppress at the district court level, had gone to trial. In the middle of trial, decided to plead guilty and then attempted to resurrect his Fourth Amendment challenge on appeal. This court held that conditional appeals were not cognizable. You could not do them. And, of course, that was abrogated by a 1983 amendment to the Federal Rules of Procedure, which allowed for conditional pleas on pretrial matters. So, again, what CEPI stands for is a guilty plea in which you have not raised or preserved a pretrial issue, and that claim precludes the defendant from asking this Court to rule on the merits of that claim. But that's assuming a sufficient factual basis. Here we have a different claim. We have a claim concerning the district court's failure to find a sufficient basis here. I'd also note one other point about the substantial rights issue that we've been repeating, to discussing the fact that Mr. Ortiz may be putting himself in a worse position going forward. That's been true in other cases as well. This court reversed a factual basis for insufficient facts in a case called Denson, where the defendant was initially found with multiple guns, was charged with that, and then was later charged with another gun that he admitted to his brother stealing from his possession. Then at the guilty plea hearing, he was trying to plead guilty to the one gun his brother had stolen from him, but at the hearing he explained to the judge that, actually, the gun that the police had recovered was not the gun that his brother had stolen. And the court still accepted his plea, and here the court found plain error in reverse because it found that the court failed to reconcile his denial of guilt with his intent to plead guilty to a gun he was telling the court he did not have. Now, on remand, Mr. Denson was in the same position. He faced additional charges involving a series of guns that were found previously that had been dismissed as part of his plea, but that did not defeat his claim because, as far as I can tell, when we go to Rule 11, we're doing an offense-specific analysis. Was the factual basis provided sufficient to chart to? Well, it seems to me we're in a different posture because every element was established, and even on the facts in his guilty plea, there's still a fact question or several fact questions as to whether this affirmative defense actually is an affirmative defense. So I don't see how we can say as a matter of law this is not sufficient guilt. It raises questions, but he has yet to say I want to withdraw my plea. I want a hearing on these facts. I want to show that I did have an affirmative defense. He hasn't asked for that. Instead, he's saying on its face I'm not guilty, and I don't see that. Two responses, Your Honor. First, he may not have moved to withdraw his plea because he did not understand until recently that he had a potential defense. In fact, in his response to Mr. Fleury's Andrews brief, he doesn't refer to himself as being not guilty because of his defense. He's not a lawyer. He has a lawyer, and his lawyer has not suggested to him for whatever reason to withdraw his guilty plea. That's true, Your Honor, but again, we can only deal with the record that we have. Exactly, and we don't have a factual determination as to exactly what happened. Did he knowingly put himself in danger with drug dealers? This is not a slam dunk on its face as a matter of law defense. I agree, Your Honor, and again, these issues could have been resolved had the district court addressed them at the guilty plea hearing and asked Mr. Ortiz to reconcile his intent to plead guilty with these facts that both parties agreed to as sufficing. So what's your best case on all fours that is clearly established law that this was error? The best case would likely be Palmer, the 2006 published decision. It's not an affirmative defense, but that is a case where the district court found or where this court found that the district court's failure to reconcile claims inconsistent with guilt was plain error and reversed for proceedings in line with Rule 11. That's all I have, Your Honor. Thank you. Thank you.